# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 07-CR-0186-001-GKF** |
| v. ) | |
| ) | **USM Number: 10270-062** |
| **LEROY AUSTIN HANCOCK,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is defendant's request for resentencing based on invalidation of prior convictions used to calculate his criminal history category (Docket No. 68, SEALED). The Court construes defendant's request as a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 (Docket No. 66). Defendant argues he is entitled to relief because his sentence is invalid since prior convictions used to enhance his sentence were subsequently vacated, specifically, the crimes of Kidnapping and Assault with a Dangerous Weapon in Delaware County District Court case CF-00-503. Defendant believes his calculated sentencing range and ultimate imprisonment term will be reduced absent consideration of these convictions.

In November 2008 defendant entered a plea of guilty to Count One of a three-count Superseding Indictment charging Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). In September 2009 defendant was sentenced to an imprisonment term of 135 months based on a total offense level 37 and criminal history category VI, resulting in an imprisonment range of 360 months to life. The Court granted a motion for departure, reducing the offense level 10 levels to offense level 27 and a departure sentencing range of 130 to 162 months. In applying the sentencing guidelines, the Court found defendant was an

armed career criminal under 18 U.S.C. § 924(e)(1) and USSG § 4B1.4, and thereby occupied criminal history category VI. In reaching this decision, the Court found defendant was previously convicted of four felony crimes committed on occasions different from one another that met the definition of a crime of violence under § 924(e)(1)(2)(B). Specifically, defendant stood convicted of Robbery with a Dangerous Weapon in Tulsa County District Court case CRF-83-2238, Robbery with Firearm in Tulsa County District Court case CRF-84-497, Assault and Battery with a Dangerous Weapon in Tulsa County District Court case CRF-87-4125, and, because they were committed on the same occasion, either the offense of Kidnapping AFCF or Assault with a Dangerous Weapon in Delaware County District Court case CF-00-503. See Presentence Report, ¶¶ 26, 27, 30, and 32, respectively. At the original sentencing defendant offered no objection to the Presentence Report's finding that he was previously convicted of four § 924(e)(1) predicate crimes. See Addendum to the Presentence Report.

In defendant's motion, he asserts his sentence will be reduced based on the subsequent annulment of the convictions in case CF-00-503, under the notion that a reduced guideline calculation will offer a like reduction of his sentence upon consideration of the departure motion. It is true that if a defendant successfully attacks state sentences he may then apply for reopening of any federal sentence enhanced by the state sentences. See Custis v. United States, 114 S.Ct. 1732, 1739 (1994); see also United States v. Nichols, 30 F.3d 35, 36 (5th Cir. 1994) (holding that, in light of Custis, defendant was entitled to bring § 2255 action attacking enhanced federal sentence after having state conviction invalidated and should get the benefit of subsequent overturning of the previous state conviction). The Tenth Circuit has also recognized the availability of sentence review upon the invalidation of a predicate offense. See United States v. Garcia, 42 F.3d 573, 581-82 (10th

Cir. 1994). Further, the Court finds that case CF-00-503 was set aside based on an error of law, and accordingly neither conviction constitutes a predicate offense under § 924(e)(1), nor do the crimes score criminal history points under Chapter 4 of the sentencing guidelines.

Disregarding the convictions in case CF-00-503 does not affect application of the armed career criminal statutory enhancement or defendant's guideline criminal history category. To be designated an armed career criminal and subject to the enhanced penalty of not less than fifteen years imprisonment, a defendant must be convicted of 18 U.S.C. § 922(g) and have three previous convictions for a violent felony or serious drug offense committed on occasions different from one another. § 924(e)(1). Even without considering the offenses in case CF-00-503, defendant remains an armed career criminal subject to the enhanced penalty provisions because three predicate convictions remain, namely: Robbery with a Dangerous Weapon in Tulsa County District Court case CRF-83-2238, Robbery with Firearm in Tulsa County District Court case CRF-84-497, and Assault and Battery with a Dangerous Weapon in Tulsa County District Court case CRF-87-4125. Vacating the convictions in case CF-00-503 would change defendant's criminal history point computation under USSG § 4A1.1, reducing the calculation to three criminal history points.[1] However, since defendant remains an armed career criminal and because the instant offense involved possession of a firearm in connection with a crime of violence, § 4B1.4(c)(2) trumps § 4A1.1 point calculations, causing defendant's criminal history category to remain a category VI. See Presence Report, ¶ 34.

Invalidation of Delaware County case CF-00-503 does not result in a reduction of statutory

---

[1] If resentenced defendant would not be subject to the so called "recency" enhancement applied pursuant to § 4A1.1(e), as this provision was stricken effective November 1, 2010 (Amendment 742).

penalty or the calculated guideline sentencing range. Further, the crimes described in case CF-00-503 did not influence this Court's departure decisions originally, nor would knowledge of the vacating of these convictions affect the degree of departure at a resentencing. This being so, and finding no authority to reconsider the degree of departure absent a change in the original guideline sentencing range, the Court finds there is no basis to correct the sentence.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 based on invalidation of prior convictions used to calculate his criminal history category (Docket No. 68, SEALED), is hereby **denied**.

**DATED** this 2nd day of August, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma